IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WESTERN NATIONAL MUTUAL
INSURANCE COMPANY,

                  Plaintiff,

and

KENNETH MARTINEZ and PATRICK MAKI       OPINION and ORDER

                  Involuntary plaintiffs,                  20-cv-39-jdp

    v.

INDUCTOTHERM CORPORATION,

                  Defendant.

---

      This action arises out of an explosion that occurred at a Wisconsin foundry owned and operated by Bernsten Brass & Aluminum Foundry, Inc. Two employees of Bernsten, Kenneth Martinez and Patrick Maki, were injured in the explosion. Plaintiff Western National Mutual Insurance Company, which insures Bernsten, filed this lawsuit against defendant Inductotherm Corporation, the company that manufactured the furnace at the foundry. Western National filed the case in Vilas County Circuit Court, and named Martinez and Maki as involuntary plaintiffs in its complaint. Inductotherm removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

      Before the court is Inductotherm's motion to dismiss involuntary plaintiffs Martinez and Maki. Dkt. 13. Inductotherm argues that Martinez and Maki are not properly joined as involuntary plaintiffs, and that any claims brought by Martinez and Maki to recover for injuries from the explosion would be time-barred. Inductotherm has shown that Martinez and Maki are improperly joined, so the motion to dismiss will be granted.

ANALYSIS

Both Inductotherm and Western National agree that the Federal Rules of Civil Procedure govern the procedural aspects of this case, including the joinder of parties. Dft.'s Br., Dkt. 14, at 7; Plt.'s Br., Dkt. 17, at 3. The joinder of involuntary plaintiffs in federal court is governed by Rule 19. The first question under that rule is whether the party is a "required party." *Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 635 (7th Cir. 2009) (first step in any Rule 19 analysis is to determine whether the party is a required party that falls under the scope of the rule). Under Rule 19(a)(1), a party is required if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If a party is a required party but refuses to be joined, the party may be added as an involuntary plaintiff. *See* Fed. R. Civ. P. 19(a)(2). But joinder of an involuntary plaintiff is appropriate only where a required party has refused to be joined as a plaintiff and is outside the court's jurisdiction. *See Moerke v. Altec Indus., Inc.*, No. 12–cv–903, 2013 WL 6185213, at *6 (W.D. Wis. Nov. 26, 2013); *see also* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1606 (3d ed.) ("A party may be made an involuntary plaintiff only if the person is beyond the jurisdiction of the court, and is notified of the action, but refuses to join.").

Inductotherm argues that Martinez and Maki cannot be joined as involuntary plaintiffs under Rule 19 because they are not required parties, there is no evidence that they have refused to join, and defendant Martinez, who lives in Wisconsin, is within the jurisdiction of this court.

Western National filed a brief opposing Inductotherm's motion to dismiss, Dkt. 17, but the brief essentially concedes that Martinez and Maki are not properly joined as involuntary plaintiffs. Western National makes no argument under Rule 19 at all, thereby conceding that Martinez and Maki cannot be joined under that rule. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession). Western National instead makes three unpersuasive arguments against dismissal of the involuntary plaintiffs.

First, Western National argues that Martinez and Maki are proper parties under Rule 20. That rule permits the joinder of plaintiffs if they are asserting claims arising out of the same transaction or occurrence, and their claims share common questions of law or fact. *See* Fed. R. Civ. P. 20. Western National says that because Martinez and Maki were injured in the foundry explosion, they might have claims against Inductotherm that would raise the same legal and factual questions as Western National's claims. But Rule 20 does not apply here. Rule 20 governs *permissive* joinder; it cannot be used to compel joinder. *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 754 (7th Cir. 2015) (Rule 20 is not a "mandatory joinder" rule). In this instance, neither Martinez nor Maki has appeared or expressed any interest in participating in this case. They have not asserted any claims against Inductotherm. Therefore, Rule 20 is not a valid basis for keeping Martinez and Maki in this case.

Second, Western National argues that Martinez and Maki should be joined because they would be entitled to proceeds from any damages award under the formula set forth in

Wis. Stat. § 102.29, Wisconsin's third-party liability statute. But Western National concedes that Martinez and Maki would be entitled to proceeds regardless whether they were parties to this action. Dkt. 17, at 5 (citing § 109.29(1)(b) (proceeds shall be divided according to formula "irrespective of whether or not all parties join in prosecuting the claim"). So § 102.29 is not a legitimate basis for joining Martinez and Maki as involuntary plaintiffs.

Third, Western National argues that, as a worker's compensation insurer, it could seek to recover for Martinez's and Maki's pain and suffering and loss of earning capacity. Western National has not brought such a claim in this action. But even if it had, Western National concedes that Martinez and Maki would not need to participate as parties to this action for Western National to bring such claims. Dkt. 17, at 5.

In sum, Martinez and Maki should not have been named as involuntary plaintiffs in this action. They will be dismissed, and this case shall proceed with Western National's claims against Inductotherm.

ORDER

IT IS ORDERED that defendant Inductotherm Corporation's motion to dismiss the involuntary plaintiffs, Dkt. 13, is GRANTED. Kenneth Martinez and Patrick Maki are DISMISSED as plaintiffs from this case.

Entered March 26, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge